IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**JOSHUA RITTER,** *an individual*
　　　　　　　　　　**Plaintiff**

VS.

**SHELBY COUNTY, TEXAS,**　　　　　　　Civil Action No.

**HON. KARREN S. PRICE, in her official and individual capacities,**

**HON. JOHNIE L. PRICE, in his official and individual capacities,**

　　　　　　　**Defendants**

### PLAINTIFF JOSHUA RITTER'S ORIGINAL COMPLAINT

　　Plaintiff Joshua Ritter brings this original complaint against the Defendants named herein to recover damages. The allegations asserted on information and belief after due investigations, except as to those matters that relate to Plaintiff and its own acts, which are asserted on personal knowledge.

### I.　　NATURE OF THE CASE

1. Plaintiff, Joshua Ritter, was a appointed Justice of the Peace for Precinct Four, by the County Commissioners of Shelby County, Texas on March 30, 2022. Plaintiff was bonded and sworn into office by County Judge Allison Harbison that same day.

2. On November 30, 2022, the Shelby County District Attorney filed suit against Joshua Ritter in the 123rd Judicial District Court of Shelby County, Texas. The petition complained the

Plaintiff should be removed for incompetence and/or for official misconduct as it is defined in Tex. Loc. Gov't Code § 87.011.

3. On December 1, 2022, and pursuant to that complaint, the Presiding Judge of the 123rd Judicial District Court, the Hon. LeAnn Kay Rafferty, immediately removed Joshua Ritter from the office of Justice of the Peace for Precinct Four of Shelby County, Texas.

4. This case involves suit by the Plaintiff against Shelby County, Texas, the Hon. Karren S. Price who is the Shelby County District Attorney in both her official and individual capacities, and against Johnie L. Price, the Shelby County Attorney in both his official and individual capacities. Plaintiff alleges the Defendants improperly removed him from office and without due process subjecting him to substantial damages including sever emotional distress, personal humiliation, mental pain and suffering, embarrassment, lost income, and damage to his reputation.

5. This removal was accomplished without the benefit of the due process guaranteed by the Fourteenth Amendment to the United States Constitution.

## II.   PARTIES

6. Joshua Ritter is the former Justice of the Peace for Precinct Number Four of Shelby County, Texas. He is an individual residing at 618 County Road 4378, Tenaha, Texas 75974.

7. Shelby County, Texas is a county organized in 1837. The county may be served by serving the County Attorney, the Hon. Johnie L. Price at 200 San Augustine Street, Center, Texas 75935 or at the offices of Fairchild, Price, Haley & Smith, L.L.P. located at 413 Shelbyville Street, Center, Texas 75935.

8. The Hon. Johnie L. Price may be personally served at the Office of the Shelby County Attorney located at 200 San Augustine Street, Center, Texas 75935, at the offices of

Fairchild, Price, Haley & Smith, L.L.P. located at 413 Shelbyville Street, Center, Texas 75935, or at 236 Newman Street, Center, Texas 75935.

9. The Hon Karren S. Price may be personally served at the Office of the Shelby County District Attorney located at 200 San Augustine Street, Center, Texas 75935 or at 236 Newman Street, Center, Texas 75935.

### III.   JURISDICTION AND VENUE

10. Pursuant to 28 USC §§ 1331 and 1337, 42 U.S.C. §§ 1983 and 1985, this Court has original subject matter jurisdiction over Plaintiff's causes of action arising under the Civil Rights Act of 1875, et seq., and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This Court also has jurisdiction over the Texas state law claims in this case because the Jurisdiction is conferred on this Court by 28 U.S.C. § 1343(3) providing for jurisdiction in this Court of suits authorized by 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's causes of action arising under civil conspiracy because the state law cause of action is so related to the Plaintiff's claims in this action that they form a part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in the Lufkin Division of the Eastern District of Texas because Defendants reside in the Eastern District of Texas and a substantial part of the events and transactions giving rise to the controversy and the harms complained of occurred in the Eastern District Of Texas, as required by 28 U.S.C. § 1391.

### IV.   LIMITATIONS

12. Tex. Civ. Prac. & Rem. Code § 16.002 provides that actions for slander must commence within one year after the day the cause of action accrues.

13. A cause of action in Texas generally accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if the resulting damages have not yet occurred. This is often called the "legal injury rule."

14. The injury in this matter accrued on November 30, 2022.

## V.   FACTUAL BACKGROUND

15. On January 29, 2022, Jackie Kirkwood, the elected Justice of the Peace of Precinct Four in Shelby County, Texas died, leaving the office vacant.

16. On March 30, 2022, after being interviewed extensively by Shelby County Commissioners, Joshua Ritter was appointed to the position of Justice of the Peace of Precinct Four as Jackie Kirkwood's replacement. Joshua Ritter was bonded at that time and was sworn in by the Shelby County Judge, Allison Harbison that same day.

17. On May 25, 2022, Shelby County Attorney Gary Rholes submitted his resignation of that position by text messaging to Shelby County Judge Allison Harbison.

18. Subsequently, the Shelby County Commissioners accepted the resignation of Gary Rholes as Shelby County Attorney effective July 4, 2022.

19. On Monday, June 20, 2022, the Shelby County Commissioners approved the appointment of Johnie L. Price, the current Shelby County District Attorney's spouse and name partner of Fairchild, Price, Haley & Smith, L.L.P., a local law firm, as Shelby County Attorney from July 5, 2022, through December 31, 2022.

20. The appointment of Johnie L. Price as County Attorney, the previous appointment of Seth Elmore, an employee of Fairchild, Price, Haley & Smith, L.L.P. as the City Attorney of Center, Texas, and the election of Karren S. Price as Shelby County District Attorney completed the control of all litigation arms of Shelby County governmental agencies by

persons who have significant interest in the law firm of Fairchild, Price, Haley & Smith, L.L.P.

21. On November 30, 2022, Karren S. Price, the Shelby County District Attorney filed a civil suit against Joshua Ritter in the name of the State of Texas, styled *The State of Texas vs. Honorable Joshua Ritter*, Cause Number 22CV36246, in the 123rd Judicial District Court of Shelby County, Texas. The civil suit was filed by the District Attorney by manual means rather than the utilization of the electronic filing system.

22. The Petition is styled <u>Petition For Removal Of Joshua Ritter From The Office Of Justice Of The Peace, Pct. 4, Shelby County, Texas</u>.

23. The petition alleged that Joshua Ritter should be removed due to incompetence and/or official misconduct as defined in Tex. Loc. Gov't Code §§ 87.011(3) and 87.011(2)(A) and (B).

24. The Petition was verified by Karren S. Price, in her capacity as the District Attorney of Shelby County, Texas.

25. On December 1, 2022, the Honorable LeAnn Kay Rafferty, Presiding Judge of the 123rd Judicial District Court of Shelby County, Texas signed an order of removal of Joshua Ritter. The order was entered without the jury trial required by Tex. Loc. Gov't Code § 87.018. Additionally, the Court removed Plaintiff Joshua Ritter without satisfying the ministerial acts required by Tex. Loc. Gov't Code § 87.017(b). The order issued by the Court stated "On this date, the Court reviewed the Original Petition for the Removal of Joshua Ritter from the office of J.P. Pct.4, Shelby County, Texas. Having already granted an Order for issuance of citation in this cause, It is Ordered, Adjudged, and Decreed that Joshua Ritter is immediately removed from the office of Shelby County Justice of the Peace Pct. 4, immediately upon the

signing of this Order. Signed this 1st day of December 2022." The Order contains the signature of LeAnn Kay Rafferty, Presiding Judge and is filed by manual means rather than the utilization of the electronic filing system.

26. At 12:00 a.m. on December 12, 2022, Joshua Ritter filed a General Denial in answer to the suit.

## VI.   ABSOLUTE OR QUALIFIED IMMUNITY

27. Due to the fact pattern with the case at bar, there will be no successful argument available to the Defendants for an assertion of absolute or qualified immunity.

## VII.   FEDERAL CAUSES OF ACTION

### First Cause of Action 42 U.S.C.A. § 1983 (Ritter's Termination) Against All Defendants

28. Plaintiff incorporates by reference and re-alleges ¶¶ 1-25 as if fully stated herein.

29. All Defendants acted under color of state law at all times relevant hereto.

30. As set forth in the preceding paragraphs, the Defendants denied the Plaintiff Substantive and Procedural Due Process in violation of the Fourteenth Amendment to the United States Constitution by terminating his employment as Justice of the Peace for Precinct Four in Shelby County, Texas without the required jury trial.

### Second Cause of Action 42 U.S.C.A. § 1985 (Ritter's Termination) Against Karren S. Price and Johnie L. Price

31. Plaintiff incorporates by reference and re-alleges ¶¶ 1-25 as if fully stated herein.

32. All Defendants acted under color of state law at all times relevant hereto.

33. Karren S. Price and Johnie L. Price are spouses who hold licenses to practice law in the State of Texas.

34. Karren S. Price and Johnie L. Price are Shelby County District Attorney and Shelby County Attorney, respectively.

35. Karren S. Price, in her position as a District Attorney in the State of Texas who has been licensed to practice law for more than 38 years and who has previously served as the elected District Attorney of Shelby County, Texas knows, or should know, that a District Attorney in the State of Texas has no statutory authority to prosecute a civil suit in the interest of the State of Texas.

36. Johnie L. Price, in his position as a County Attorney in the State of Texas who has been licensed to practice law for more than 56 years knows, or should know, that a District Attorney in the State of Texas has no statutory authority to prosecute a civil suit in the interest of the State of Texas.

37. Johnie L. Price knows, or should know, that the acts committed by Karren S. Price, were a clear encroachment upon his statutorily defined duties, and thus failed to act in derogation of his duties as County Attorney.

38. Johnie L. Price's acceptance of his spouse's violation of statutory law without complaint or objection positively indicates he has conspired against the Plaintiff in the denial of his due process rights.

## VIII.   SUPPLEMENTAL CAUSES OF ACTION

**Third Cause of Action Tex. Civ. Prac. & Rem. Code § 73.001 Libel and Slander Against Karren S. Price and Johnie L. Price**

39. Plaintiff incorporates by reference and re-alleges ¶¶ 1-25 as if fully stated herein.

40. All Defendants acted under color of state law at all times relevant hereto.

41. Karren S. Price and Johnie L. Price are spouses who hold licenses to practice law in the State of Texas.

42. Karren S. Price and Johnie L. Price are Shelby County District Attorney and Shelby County Attorney, respectively.

43. Karren S. Price, in her position as a District Attorney in the State of Texas who has been licensed to practice law for more than 38 years.

44. Johnie L. Price, in his position as a County Attorney in the State of Texas, has been licensed to practice law for more than 56 years.

45. Karren S. Price and Johnie L. Price released confidential and detailed information not alleged in the text of the suit to members of the press. Particularly, these Defendants caused those facts to be published in Shelby County Today.

46. The slander and libelous acts were performed in their official capacities such that an unbiased jury could not be seated in Shelby County, Texas.

47. The release of these unfounded facts was made for the purpose of garnering positive press coverage of their joint venture.

48. The acts of the Defendants complained of herein were wanton, malicious, and done with the specific intent to deprive Ritter of his rights and with the specific intent to cause substantial injury to Ritter, rendering the appropriate award of punitive damages against each individual defendant, separately, in his individual and professional capacities.

49. These Defendants, as those licensed to practice law in the State of Texas, committed substantial violations of the Texas Disciplinary Rules of Professional Conduct's Rule 3.07 regarding trial publicity.

## IX.   DAMAGES

50. Defendants' wrongful acts and omissions set out above, jointly, and severally, have proximately caused Joshua Ritter substantial damages including severe emotional distress,

personal humiliation, mental pain and suffering, embarrassment, lost income, and damage to reputation.

## X.   JURY DEMAND

51. Joshua Ritter demands a trial by jury on all issues so triable.

## XI.   PRAYER

PLAINTIFF PRAYS that this Honorable Court:

    a. Enter judgment in behalf Joshua Ritter for compensatory damages against all Defendants jointly and severally, and separately, in the amount to be proven at trial;

    b. Enter judgment for punitive damages against Shelby County, Texas District Attorney Karren S. Price, in her individual capacity, sufficient to punish Karren S. Price for her misconduct in the case at bar and in an amount sufficient to deter Karren Price, and others from performing the same acts to Joshua Ritter or to another party in the future;

    c. Enter judgment for punitive damages against Shelby County, Texas Attorney Johnie L. Price, in his individual capacity, sufficient to punish Johnie L. Price for his misconduct in the case at bar and in an amount sufficient to deter Johnie L. Price, and others from performing the same acts to Joshua Ritter or to another party in the future;

    d. Grant Plaintiff Joshua Ritter any and all additional relief to which he may appears to be entitled including statutory attorneys' fees, prejudgment interest, post-judgment interest, and his costs herein expended; and

    e. Grant a trial by jury on all issues so triable.

Respectfully submitted,

CLAY THOMAS P.C.

*/s/ Clay Dean Thomas*
Clay Dean Thomas
State Bar No. 24088520
clay.thomas@claythomaspc.com

15344 West State Highway 21
Douglass, Texas 75943
Telephone:    979/733-6728
Facsimile: 979/773-5055